# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

LEONARD LLOYD,
        Petitioner,

                                                        Civil Case No. 04-cv-71907
v.                                                     Criminal Case No:91-cr-80179
                                                     Hon. Anna Diggs Taylor

UNITED STATES OF AMERICA,
        Respondent.
_____/

## MEMORANDUM OPINION AND ORDER

Petitioner has filed a motion to vacate his sentence, pursuant to 28 U.S.C. § 2255. In his petition he alleges that his conviction and sentence for Use and Carrying Of a Firearm In Connection With A Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c) (count 13) must be vacated in light of the decision of the United State Supreme Court in *Bailey v. United States*, 516 U.S. 137 (1995). For the reason set forth below, Petitioner's motion must be DENIED.

### I.

In *Bailey*, the Supreme Court held that "use" of a firearm during and in relation to a drug trafficking offense requires "active employment" of a firearm. 516 U.S. at 143. The holding of the Court in *Bailey* was made retroactive in *Bousley v. United States*, 523 U.S. 614 (1998).

The Anti-Terrorism and Efffective Death Penalty Act ("AEDPA") was enacted on April 24, 1996 and set a one-year period of limitation for the filing of all post-conviction motions. This change is reflected in 28 U.S.C. §2255. Petitioner filed a direct appeal which became final when the Sixth Circuit issued an Opinion affirming his conviction on October 29, 1993. *See U.S. v. Lloyd*, 10 F.3d 1197 (6th Cir. 1993). Petitioner's judgment therefore became final on that date.

Petitioner's conviction became final before the implementation of AEDPA on April 24, 1996. Accordingly, Petitioner had a one-year grace period from the effective date of the AEDPA, until April 24, 1997, to file his motion. Petitioner failed to do so. Consequently, Petitioner's motion was not filed in a timely manner and is time-barred. His motion must accordingly be dismissed.

For the foregoing reason,

IT IS ORDERED that Petitioner's motion to vacate his sentence pursuant to 28 U.S.C. §2255 is hereby DENIED.

IT IS SO ORDERED.

            s/Anna Diggs Taylor
            ANNA DIGGS TAYLOR
            UNITED STATES DISTRICT JUDGE

DATED: February 2, 2005


By: _____

**PURSUANT TO FRCivP COPIES HAVE BEEN MAILED TO:**
Leonard Lloyd
Stanley J. Janice